IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEORGIOS SPYROPOULOS, | ) | |
| | ) | |
| Debtor. | ) | District Court |
| | ) | Case No. 21 C 20 |
| | ) | |
| ECONOCARE, INC., | ) | Chapter 13 Bankruptcy |
| | ) | Case No. 20-3995 |
| Plaintiff-Appellant, | ) | |
| | ) | Adversary Proceeding |
| | ) | No. 20-179 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| GEORGIOS SPYROPOULOS and | ) | |
| CDBG1, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**MEMORANDUM ORDER AND ORDER**

Plaintiff-appellant Econocare, Inc., ("Econocare") filed an adversary complaint in the United States Bankruptcy Court, claiming that debtor Georgios Spyropoulos owes Econocare a debt that is excepted from discharge under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court dismissed the adversary proceeding with prejudice for failure to state a claim. Econocare appeals to this Court pursuant to 28 U.S.C. § 158(a)(1). For the following reasons, the bankruptcy court's decision is reversed.

**BACKGROUND**

Spyropoulos's debt to Econocare stems from a long-running business relationship. Econocare provides interior design and renovation services to nursing homes and similar facilities. For many years, Econocare had engaged Spyropoulos, via his business entity, as a subcontractor to build and install cabinetry and furniture and perform other carpentry services. Between 2015

and 2017, Econocare paid Spyropoulos deposits for certain jobs, but he never completed the work. As a result, in May 2018, Econocare filed suit against Spyropoulos and his business entity in the Circuit of Cook County for breach of contract and unjust enrichment.

In February 2020, as the Cook County case was drawing to a close, Spyropoulos filed a Chapter 13 bankruptcy petition. Econocare moved in the bankruptcy court for relief from the automatic stay so it could conclude the Cook County case. The bankruptcy court granted the motion.

Following trial, the Cook County court issued a judgment order and opinion in which it explained that, on four jobs in particular, the funds Econocare deposited with Spyropoulos exceeded the goods and services it received from him in the amount of $83,500. Spyropoulos had used the deposited funds to purchase materials and had begun to build furniture, but the materials and goods were destroyed when Spyropoulos's shop flooded in early 2019. Later that year, Spyropoulos submitted a claim to his insurer and recovered the full value of the goods and materials in a total amount of $87,000. On April 23, 2020, the Cook County court entered judgment against Spyropoulos and in favor of Econocare in the amount of $83,550, plus costs.

In May 2020, Econocare filed an adversary complaint against Spyropoulos in the bankruptcy court. In the adversary complaint, Econocare described the Cook County lawsuit and its underlying facts, including the payment of $87,000 in insurance proceeds, and it sought, among other relief, a declaration that the judgment debt was non-dischargeable because it was obtained by fraud and embezzlement and represented a willful and malicious injury. *See* 11 U.S.C. § 523(a)(2)(A), (4), & (6). Spyropoulos moved to dismiss, and the bankruptcy court granted the motion in a written order, without prejudice to filing an amended complaint. The court reasoned that Econocare had not pleaded that Spyropoulos had obtained funds from Econocare by "false

pretenses or misrepresentations" ((Appellant Designation of R. on Appeal (hereinafter, "R.") at PageID# 132, ECF No. 5-2), it had not plausibly pleaded any fraudulent intent, and Spyropoulos had not yet sought a hardship discharge, so the question of nondischargeability under § 523(a)(6) was not ripe.

Econocare filed an amended adversary complaint under an altered legal theory, asserting that Spyropoulos set up a new business entity (identified as "CDBG1, Inc.") in March 2018, shortly before Econocare filed the Cook County lawsuit, and he fraudulently transferred assets to that entity—including, for example, the insurance proceeds—to frustrate creditors such as Econocare. Spyropoulos moved to dismiss again. Following a December 16, 2020 hearing, the bankruptcy court granted the motion, issuing a short, one-page order dismissing the complaint without leave to amend "for reasons stated from bench by court" and terminating the adversary proceeding. (R. at PageID# 213.) The reasons the bankruptcy court gave from the bench consisted of the following:

> Now this amended complaint alleges purported grounds under 523(a)(6), but it is not available—that remedy is not available or that cause of action is not available unless a hardship discharge has been requested, but the amended complaint does not request it. Therefore, that part of the complaint must be dismissed. The complaint adds a new defendant who has not been served as of yet. And, finally, no facts pled to support the purported allegation and the purported claim under 523(a)(2)(A). And for reasons stated from the bench by the court, the adversary is dismissed. Because this is the second complaint, I will make it final—the order final and appealable, and I will not give leave to amend the complaint further.

(Suppl. Ex., Tr. of Dec. 16, 2020 Hr'g at 9:1-18, ECF No. 15.) This appeal followed.

## DISCUSSION

This Court has jurisdiction to review "judgments, orders and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). "A bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo." *In re Midway Airlines, Inc.* 383 F.3d 663, 668 (7th Cir. 2004) (citing *In re Smith*, 286 F.3d 461, 464-65 (7th Cir. 2002)).

3

Chapter 13 of the bankruptcy code "provides, for individuals" below a certain debt threshold, *see* 11 U.S.C. § 109(e), "a counterpart to Chapter 11 of the Bankruptcy Code, which authorizes the reorganization of bankrupt enterprises in lieu of their liquidation. Instead of the trustee's seizing and selling the bankrupt's nonexempt assets, as in a Chapter 7 proceeding, under Chapter 13 (as under Chapter 11) the bankrupt proposes a plan for the repayment of his debts out of future income." *In re Schaitz*, 913 F.2d 452, 453 (7th Cir. 1990). Following completion of the payment plan, the bankrupt debtor's remaining debts are discharged, except those (among other exceptions) that are nondischargeable under "paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." 11 U.S.C. § 1328(a)(2). Further, if the court grants a hardship discharge under § 1328(b) because, for example, the debtor could not complete the plan due to circumstances outside of his control, *see id.*, the debts described in all other paragraphs of § 523, including subsection (a)(6), are also nondischargeable. *See* 11 U.S.C. § 1328(c)(2).

The Federal Rules of Bankruptcy Procedure require certain matters—including "the dischargeability of a debt"—to be raised in the bankruptcy court, not by motion, but by filing a complaint to initiate an "adversary proceeding." *See* Fed. R. Bankr. P. 7001(6), *see also* Fed. R. Bankr. P. 4007. Federal Rules of Civil Procedure 12(b) and 8 apply in adversary proceedings. *See* Fed. R. Bankr. P. 7008, 7012(b). "A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under this standard, a plaintiff's

4

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Additionally, any claims of or including acts of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires the pleading party to "state with particularity the circumstances constituting fraud," *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 775 (7th Cir. 2016), although fraudulent or deceptive intent "may be alleged generally."

In the amended adversary complaint, Econocare asserted that Spyropoulos's debt is nondischargeable under § 523(a)(2)(A), which provides that a debt "for money, property, [or] services" is nondischargeable "to the extent obtained by . . . false pretenses, a false representation, or actual fraud." Econocare also briefly cited § 523(a)(6), but it admitted in its response brief, and it reiterates in its opening brief on appeal, that this was a scrivener's error, and it clarifies that it intended to assert nondischargeability only under § 523(a)(2)(A).

On appeal, Econocare makes three arguments. Only one of them addresses the basis for dismissal that the bankruptcy court articulated in its December 16, 2020 ruling: Econocare argues that its amended adversary complaint stated a claim—in particular, it stated a claim that Spyropoulos owed Econocare a nondischargeable debt under § 523(a)(2)(A). Econocare's other two arguments respond to arguments that Spyropoulos made in his motion to dismiss, but that the bankruptcy court did not address or appear to rely on in its ruling: (1) the claim in the amended adversary complaint is timely under Federal Rule of Bankruptcy 4007 because it relates back to

5

the original complaint, and (2) the fact that the complaint named CDBG1, Inc., (hereafter, "CDBG1") as a defendant did not bar plaintiff's claim.

**I.    The Bankruptcy Court's Ruling and Failure to State a Claim**

The bankruptcy court gave what appeared to be three reasons for dismissing the complaint. The bankruptcy court provided little explanation for its decision, and this Court is not persuaded that any of these reasons provided a sufficient basis for dismissal without leave to amend.

First, the bankruptcy court stated that any claim of nondischargeability under 11 U.S.C. § 523(a)(6) was not ripe. Econocare concedes this point, stating that the reference to subsection (a)(6) was a scrivener's error, and it argues—correctly—that the reference to subsection (a)(6) has no bearing on whether the claim of nondischargeability under § 523(a)(2)(A) should have survived. Second, the bankruptcy court stated that the amended adversary complaint "adds a new defendant who has not been served as of yet." (Suppl. Ex., Tr. of Dec. 16, 2020 Hr'g at 9:8-9, ECF No. 15.)  It is unclear how this played into the bankruptcy court's decision to dismiss or, if it did play into it, why it mattered. The complaint had been pending for less than two months, so there was still time for service under Federal Rule of Civil Procedure 4(m), which applies in adversary proceedings via Bankruptcy Rule 7004(a)(1).

Third, the bankruptcy court stated that there were "no facts pled to support the purported allegation and the purported claim under 523(a)(2)(A)." (*Id.* at 9:10-12.) The Court presumes that this means that the court's conclusion was that Econocare had not pleaded facts plausibly stating that its debt had been "obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

In briefing this issue, the parties have argued past one another. Spyropoulos has assumed that fraud must consist of a misrepresentation, but, beginning with its response brief in the

6

bankruptcy court (R. at PageID# 198), Econocare has cited *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000), which holds that, "by distinguishing between 'a false representation' and 'actual fraud,' [11 U.S.C. § 523(a)(2)(A)] makes clear that actual fraud is broader than misrepresentation." *See Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016) ("The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation."). As the Seventh Circuit explained in a subsequent case, this means that "the fraud exception to a discharge in bankruptcy encompasses a debtor's transferring valuable property in order to keep it out of the hands of the creditors entitled to it." *In re Collazo*, 817 F.3d 1047, 1053 (7th Cir. 2016). That is, if a debtor "'render[s] a debt uncollectible by making an actually fraudulent conveyance of . . . property,'" then "'his actual fraud [gave] rise to a new debt, nondischargeable because created by fraud.'" *Id.* (quoting *McClellan*, 217 F.3d at 895). Spyropoulos has ignored this theory and emphasized that Econocare has not pleaded any fraudulent representations. (Both parties bear some blame for this; Econocare's briefs and pleadings have hardly been a model of clarity or precision.) But as the above-cited cases explain, a fraudulent representation is not necessary for "actual fraud" under § 523(a)(2)(A).

Spyropoulos argues that the amended adversary complaint contained no allegations establishing fraudulent intent. In particular, Spyropoulos has argued—and, in its ruling on Econocare's original adversary complaint, the bankruptcy court seemed to agree—that Econocare has not plausibly alleged fraudulent intent because Spyropoulos's repayment plan, which has been confirmed, proposes to repay 100% of unsecured claims.

"[I]ntent" and "other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b); unlike the surrounding factual "circumstances constituting fraud," they need not be alleged

with particularity. Thus, Econocare was only required to make sufficient allegations to make an inference of fraudulent intent plausible; it was not required to "plead the elements of a cause of action", including intent, "along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015). It is normal for certain "details of both law and fact [to] come later, in other documents" because a complaint under Rule 8 merely "limns the claim." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992); *see Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) ("Plaintiffs need not plead [all relevant] facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of."); *see also Glob. Imaging Acquisitions Grp., LLC v. Rubenstein,* No. 14-C-0635, 2015 WL 5618803, at *2 (E.D. Wis. Sept. 24, 2015) (quoting this same language from *Doe v. Smith* and acknowledging that, while it predated *Twombly* and *Iqbal*, those cases "did not reinstate code pleading and do not require plaintiffs to plead legal theories or recite all the elements of a claim for relief"; they merely "make clear that the complaint must contain enough detail to show that the plaintiff's claim is plausible"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[Under Rule 8,] the plaintiff must give [only] enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen.").

The Court assumes (as it must) that it is true that Spyropoulos incorporated a new business entity in March 2018, after he had already begun to have money problems that, as he told Econocare, prevented him from finishing work for which he had already been paid deposits (*see* R. at PageID# 48 (Cook County Judgment Order at 4)). Assuming the truth of those facts, it is at least facially plausible, based on all the facts and circumstances considered together, that

8

Spyropoulos may have intended to funnel funds (including, as it turned out, insurance proceeds) through the new business entity in order to frustrate his creditors. *See Skyline Potato Co. v. Tan-O-On Mktg., Inc.*, 879 F. Supp. 2d 1228, 1260-61 (D.N.M. 2012) (finding fraud to have been sufficiently pleaded under Rule 9(b) because of "circumstances . . . so commonly associated with fraudulent transfers that their presence gives rise to an inference of fraudulent intent") (citing *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005)); *see In re Lawson*, 791 F.3d 214, 216-17 (1st Cir. 2015); *cf. United States v. Park*, No. 16 C 10787, 2017 WL 4417826, at *3 (N.D. Ill. Oct. 5, 2017). Although the allegations are thin gruel, Spyropoulos has notice of what he has been accused of, so that if the accusation is not true, he can disprove it—which is what the Federal Rules of Civil Procedure require.

Spyropoulos also briefly argues (without citation to the record or authority) that Econocare's claim is moot because the confirmed plan requires him to repay 100% of his unsecured creditors' claims. That Spyropoulos has committed to repaying 100% of Econocare's claim may prove to be persuasive evidence in Spyropoulos's favor (and indeed, in light of that detail, it seems that this adversary proceeding may be more trouble than it is worth). But the Court does not agree that it moots Econocare's claims at this early stage. Econocare's claim has not yet been paid, and a Chapter 13 payment plan may be modified, so there remains a live controversy. *See Germeraad v. Powers*, 826 F.3d 962, 969 (7th Cir. 2016).

Spyropoulos also suggested in the bankruptcy court that the Cook County court determined in ruling on one of Econocare's post-judgment motions that there was no evidence that Spyropoulos fraudulently concealed his insurance proceeds, which precluded any claim of fraud in the amended adversary complaint. To the extent there was any contention that the issue is barred by res judicata or a similar doctrine based on the Cook County court's post-judgment ruling,

Spyropoulos has not squarely raised this issue in this adversary proceeding. Regardless, res judicata is an affirmative defense, which can "provide grounds for dismissal at the pleading stage only if the plaintiff has pleaded facts that prove the defense." *Eyiowuawi v. John H. Stroger's Hosp. of Cook Cty.*, No. 12 CV 6492, 2014 WL 380891, at *3 (N.D. Ill. Feb. 3, 2014). The Court does not see any such proof at this early stage of proceedings.

## II. Other Arguments

Generally, on de novo review, a reviewing court "may affirm the result below on any basis that appears in the record, even if it was not the [lower] court's ground for dismissing the suit." *Marcus & Millichap Inv. Servs. of Chicago, Inc. v. Sekulovski*, 639 F.3d 301, 312 (7th Cir. 2011). Thus, the Court will consider the two grounds for dismissal that Spyropoulos urges on appeal, although the bankruptcy court did not appear to rely on them. These were that Econocare's claim is untimely under Federal Rule of Bankruptcy Procedure 4007(c), and there is no jurisdiction in this adversary proceeding over CDBG1 or any defendant other than the debtor.

### A. *Timeliness of Amended Adversary Complaint Under Rule 4007(c)*

Under Rule 4007(c), Econocare was required to file any "complaint to determine the dischargeability of a debt under § 523(c)"—which encompasses any "debt specified in paragraph (2), (4), or (6) of" § 523(a), *see* 11 U.S.C. § 523(c)(1)—within 60 days of "the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). The parties appear to agree that Econocare's original adversary complaint was filed within the 60-day time limit, but the amended adversary complaint was not. However, as Econocare points out, the time limit is not jurisdictional, *see Kontrick v. Ryan*, 540 U.S. 443, 459-60 (2004) (addressing similarly worded time limit in Rule 4004), and the Seventh Circuit has called it an "affirmative defense," *In re Kontrick*, 295 F.3d 724, 731 (7th Cir. 2002) *aff'd sub nom. Kontrick v. Ryan*, 540 U.S. 443 (2004). Thus, the "deadline in

10

Rule 4007(c) is . . . akin to a statute of limitations," and "[d]ismissal of a complaint based on a statute of limitations is usually improper, since . . . 'a complaint need not anticipate and overcome affirmative defenses.'" *In re Gibrick*, 561 B.R. 470, 473 (Bankr. N.D. Ill. 2016) (quoting *Sidney Hillman Health Ctr. v. Abbot Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015)). Dismissal in such circumstances is only appropriate where the complaint's allegations "'set forth everything necessary to satisfy' the defense" and there is no "'conceivable set of facts'" that would defeat the defense. *Gibrick*, 561 B.R. at 473 (quoting *Sidney Hillman*, 782 F.3d at 928).

Federal Rule of Bankruptcy Procedure 7015 makes Federal Rule of Civil Procedure 15 applicable in adversary proceedings. Under Rule 15(c)(1)(B), an amended pleading relates back to the original when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." "The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (internal quotation marks omitted); *see In re Young*, 428 B.R. 804, 810-11 (Bankr. N.D. Ind. 2010).

The Court is hard-pressed to find anything in the amended adversary complaint that was likely to come as a surprise to Spyropoulos. Econocare has wanted "one and only one thing all along: a ruling that [Spyropoulos] must pay him what [he] owes, or, put in bankruptcy terms, that [his] debts to [Econocare] should not be discharged." *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005). Whether Econocare pleaded the correct legal theory in the original adversary complaint makes no difference; litigants are not required to plead legal theories at all. *Id.* Both of Econocare's complaints recounted the same essential story regarding Econocare's depositing funds with

11

Spyropoulos without receiving equivalent value in goods or services in return, despite the payment Spyropoulos received in insurance proceeds, and they are both couched in terms of fraud. The precise legal theory changed from one complaint to the next, but the essential grievance did not, so the Court fails to see the surprise or prejudice that would prevent the amended adversary complaint from relating back. *See id.* This is not to foreclose Spyropoulos from reasserting and expounding on this argument on remand, if he desires, but based on the present record and briefing, the Court is not persuaded that Rule 4007(c) requires dismissal.

### B. *Jurisdiction over CDBG1*

Spyropoulos argues that there is no bankruptcy jurisdiction over any claim against CDBG1, nor could the bankruptcy court constitutionally enter any judgment against CDBG1, according to *Stern v. Marshall*, 564 U.S. 462, 487 (2011). This Court has explained the relevant jurisdictional principles as follows:

> 11 U.S.C. § 1334(b) gives district courts (and by reference, bankruptcy courts) jurisdiction over "all civil proceedings arising under title 11 [i.e., the bankruptcy code], or arising in or related to cases under title 11." A district court has jurisdiction over core bankruptcy proceedings, such as this adversary proceeding to determine non-dischargeability under 11 U.S.C. § 523(a), because it "arises under" title 11. See 28 U.S.C. § 157(b) (listing "determinations as to . . . dischargeability" as . . . "core" proceedings that arise under title 11 or arise in a case under title 11). It also has jurisdiction over state-law claims, such as [a creditor's] state-law fraud claim, to the extent that they are "related to" an underlying bankruptcy case. *See Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 37-38 (2014).

*In re Collazo*, 613 B.R. 650, 658 (N.D. Ill. 2020). Article III of the United States Constitution prohibits bankruptcy courts from finally adjudicating any claim, such as a state-law tort claim, that "is in no way derived from or dependent upon bankruptcy law" and "exists without regard to any bankruptcy proceeding." *Stern v. Marshall*, 564 U.S. 462, 499 (2011); *see id.* at 469, 484, 487. However, even if the bankruptcy court lacks the constitutional authority to enter a money judgment on a state-law tort claim, it can submit proposed findings of fact and conclusions of law to the

12

district court to accept or reject. *Collazo*, 817 F.3d at 1054 (citing *Arkison*, 573 U.S. at 30-35); *see also Arkison*, 573 U.S. at 37-38; *Collazo*, 613 B.R. at 658 (following remand by Seventh Circuit, adopting bankruptcy court's findings of fact and conclusions of law on creditor's state-law fraud claim, asserted in adversary proceeding alongside claim of nondischargeability under 11 U.S.C. § 523(a)(2)(A)). Spyropoulos does not explain why the bankruptcy court cannot exercise this option in this case.

Spyropoulos argues that these principles are out of place here because this is not a Chapter 7 case like *Collazo* or *Bank of Am., N.A. v. Veluchamy*, 535 B.R. 783, 796 (N.D. Ill. 2015), *aff'd sub nom. In re Veluchamy*, 879 F.3d 808 (7th Cir. 2018), cited by Econocare. According to Spyropoulos, Econocare has no standing to assert any fraud claim in these Chapter 13 proceedings without invading the province of the trustee. This argument is perfunctory, and Spyropoulos cites no relevant authority to support it, so the Court considers it waived. *See Doe ex rel. G.S. v. Johnson*, 52 F.3d 1448, 1457 (7th Cir. 1995) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point.") (internal quotation marks omitted); *Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995) (The court "has no duty to research and construct legal arguments available to a party, especially when he is represented by counsel.") (internal quotation marks omitted). Even if it were to consider the argument, the Court is dubious. For one thing, the argument elides any distinction between personal claims of a creditor and claims common to all creditors. *See In re Teknek, LLC*, 563 F.3d 639, 646 (7th Cir. 2009), *cf. In re Hearing Help Express, Inc.*, 575 B.R. 175, 183 (Bankr. N.D. Ill. 2017). Further, the Seventh Circuit expressed no reservations about a creditor (rather than a trustee) asserting a state-law fraud claim in *In re Collazo*, 817 F.3d at 1054, and to the extent Spyropoulos suggests that that there is some relevant

13

difference between Chapter 7 and Chapter 13 in this regard, the Court does not see it; indeed, if there is any difference, it would seem that the parties' license to litigate adversary proceedings like this one would be broader in Chapter 13 cases. *See generally Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472-73 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

But really, these jurisdictional and standing arguments concerning the claim against CDBG1 are beside the point at this stage. Regardless of the merits of the claim against CDBG1 or the bankruptcy court's exercising jurisdiction over it, there is no doubt that Econocare has standing to assert a declaratory claim of nondischargability against Spyropoulos under 11 U.S.C. § 523(a)(2)(A), and the bankruptcy court had jurisdiction—indeed, it had both constitutional and statutory authority—over that core bankruptcy matter. Therefore, to the extent that Econocare stated a plausible claim of nondischargeability against Spyropoulos, dismissal of the entire complaint with prejudice, including not just the claim against CDBG1 but also the claim against Spyropoulos, was erroneous. Because, as the Court has explained above, it concludes that Econocare stated a plausible claim against Spyropoulos in its amended adversary complaint, the complaint should not have been dismissed in full with prejudice.

The Court recognizes that this adversary proceeding may amount to a waste of time and resources, to the extent that the plan requires Spyropoulos to repay Econocare in full anyway. Econocare should carefully consider whether litigating this adversary proceeding is worthwhile. Regardless, the Court concludes that its complaint should be allowed to proceed at this point.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's decision is reversed, and this case is remanded to the bankruptcy court for further proceedings consistent with this Opinion.

14

**SO ORDERED.**  ENTERED: **July 19, 2021**

_____
**HON. JORGE ALONSO**
**United States District Judge**